SCOTT L. GOODSELL, ESQ., BAR NO. 122223
WILLIAM J. HEALY, ESQ., BAR NO. 146158
KARI S. BOWYER, ESQ., BAR NO. 257033
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233

Counsel for Defendant Stephen Wyrick

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In the Matter of<br><br>STEPHEN FRANK WYRICK;<br>TIFFANY LYNN WYRICK<br><br>Debtors.<br><br>RABOBANK, N.A.,<br><br>Plaintiff<br><br>v.<br><br>STEPHEN FRANK WYRICK,<br><br>Defendant | Case No. 11-50240 SLJ<br><br>Chapter 7<br><br>Adv. Pro. No. 11-05122<br><br>**MOTION TO APPROVE PROPOSED COMPROMISE AND JUDGMENT FOR NON-DISCHARGEABILITY (11 U.S.C. 523 (a)(6)), DISMISSAL OF CLAIMS (11 U.S.C. 523 (a)(4)); AND DISMISSAL OF CLAIMS FOR DENIAL OF DISCHARGE (11 U.S.C. 727 (a)(2)(A) and 727 (a)(3))**<br><br>Date: July 26, 2012<br>Time: 1:30 p.m.<br>Place: U.S. Bankruptcy Court<br>       280 South First Street, Ctrm. 3099<br>       San Jose, CA<br>Judge: Hon. Stephen L. Johnson |

**COMES NOW,** Stephen Frank Wyrick ("Defendant" or "Wyrick"), and submits the following motion and memorandum of points and authorities in support of a Motion to Approve Proposed Compromise and Judgment for Non-Dischargeability (11 U.S.C. 523 (a)(6)), Dismissal

---

**NOTICE OF HEARING ON MOTION TO APPROVE PROPOSED COMPROMISE AND JUDGMENT FOR NON-DISCHARGEABILITY (11 U.S.C. 523 (a)(6)), DISMISSAL OF CLAIMS (11 U.S.C. 523 (a)(4)); AND DISMISSAL OF CLAIMS FOR DENIAL OF DISCHARGE (11 U.S.C. 727 (a)(2)(A) and 727 (a)(3))**  -1-

of Claims (11 U.S.C. 523 (a)(4); and Dismissal of Claims for Denial of Discharge (11 U.S.C.. 727 (a)(2)(A) and 727 (a)(3)) ("Motion")[1] as follows:

I.  **Introduction.**

The Motion seeks an order approving a compromise and proposed judgment between Plaintiff Rabobank, N.A. ("Plaintiff" or "Rabobank") and Defendant, dismissing Plaintiff's claims made pursuant to 11 U.S.C. 523 (a)(4) with prejudice, and dismissing the claims for denial of discharge made pursuant to 11 U.S.C. 727 (a)(2)(A) and 727 (a)(3)) with prejudice. The essential terms of the compromise between Plaintiff and Defendant, as set forth in a settlement agreement ("Compromise") are relatively straightforward and provide that, subject to court approval, Plaintiff will dismiss its claims against Defendant made pursuant to 11 U.S.C. 523 (a)(4) with prejudice, Plaintiff will dismiss its claims for denial of discharge made pursuant to 11 U.S.C. 727 (a)(2)(A) and 727 (a)(3)) with prejudice, Defendant will stipulate to entry of a judgment pursuant to 11 U.S.C. 523 (a)(6) for $75,000 payable over approximately seventy-two (72) months with provisions whereby Defendant can satisfy the judgment by payment of a total of $40,000 over approximately sixty (60) months, the parties otherwise mutually agree to dismissal of all claims between them, and the parties each bear their own attorneys fees and costs.

II. **Factual Background.**

Pride of San Juan, Inc. ("PSJ") is a California corporation, Wyrick was a shareholder, director, President, and CEO of PSJ. In approximately December 2007 PSJ borrowed $4.5 million from Rabobank pursuant to two Agricultural Loan Agreements and two Promissory Notes, PSJ executed an Agricultural Security Agreement that granted Rabobank security interests including, *inter alia*, inventory, equipment, accounts receivable, and general intangibles, and Wyrick executed two commercial guarantees, obligating himself to repay PSJ's obligations to Rabobank.

---

[1] Said Motion is brought by Defendant pursuant to the underlying agreement with Plaintiff.

NOTICE OF HEARING ON MOTION TO APPROVE PROPOSED COMPROMISE AND JUDGMENT FOR NON-DISCHARGEABILITY (11 U.S.C. 523 (a)(6)), DISMISSAL OF CLAIMS (11 U.S.C. 523 (a)(4)); AND DISMISSAL OF CLAIMS FOR DENIAL OF DISCHARGE (11 U.S.C. 727 (a)(2)(A) and 727 (a)(3)) -2-

Case: 11-05122    Doc# 67    Filed: 06/21/12    Entered: 06/21/12 13:21:00    Page 2 of 4

Subsequently, PSJ defaulted on these obligations to Rabobank. Rabobank asserts that as of April 24, 2012, after all credits, it was owed $3,375,358.32 in principal and interest on these obligations.

On February 16, 2010, Rabobank initiated an action against PSJ and Wyrick to enforce their obligations styled *Rabobank, N.A. v. Pride of San Juan, Inc., et al.*, San Benito County Superior Court Case No. CU-10-00034 (the "State Court Action"). In April 2010 the State Court issued a Protective Order prohibiting the transfer or disposition of PSJ's assets and Rabobank's collateral, in June 2010, issued a second Protective Order prohibiting the transfer and disposition of PSJ's assets, and in July 2010 issued an order appointing Steve Franson as the receiver over Rabobank's collateral. Rabobank subsequently pursued contempt against Wyrick in the State Court Action, allegations which Wyrick denied.

On January 11, 2011, Wyrick filed Chapter 7 bankruptcy. Plaintiff commenced this action on April 15, 2011 and asserted claims based on 11 U.S.C. 523 (a)(4) and (a)(6) and 11 U.S.C. 727 (a)(2)(A) and 727 (a)(3)) and premised on the same or similar allegations as contained in the State Court Action. Defendant, in the State Court Action and in this adversary proceeding, denied any wrong doing relative to Rabobank, PSJ, PSJ's bankruptcy, and his personal bankruptcy. Wyrick noted that PSJ was a very profitable and growing company from 1995 to 2005, at times employed over six hundred people and at one point had over $56 million in sales; in 2006 Natural Selection/Earthbound Farms ("Earthbound"), pursuant to a pending purchase of PSJ, took possession and control of PSJ, and thereafter processed, packed and shipped ecoli spinach which caused the death of six people and made over one hundred people sick and resulted in it rescinding its purchase. Wyrick also noted that following the Earthbound tragedy and notwithstanding PSJ and his efforts, PSJ spiraled financially, lost acreage, lost employees, defaulted on its obligations to Rabobank, and eventually filed Chapter 7 bankruptcy. Wyrick consistently submitted that he had properly accounted for the assets of PSJ, Rabobank's collateral, and the proceeds of such.

The parties litigated the matter as part of the State Court Action, litigated this adversary

**NOTICE OF HEARING ON MOTION TO APPROVE PROPOSED COMPROMISE AND JUDGMENT FOR NON-DISCHARGEABILITY (11 U.S.C. 523 (a)(6)), DISMISSAL OF CLAIMS (11 U.S.C. 523 (a)(4)); AND DISMISSAL OF CLAIMS FOR DENIAL OF DISCHARGE (11 U.S.C. 727 (a)(2)(A) and 727 (a)(3))** -3-

Case: 11-05122    Doc# 67    Filed: 06/21/12    Entered: 06/21/12 13:21:00    Page 3 of 4

proceeding including discovery, motions for summary judgment, and pre-trial preparations and in this regard expended substantial resources. While Plaintiff may believe that it pursued the claims in good faith, the Defendant submits there is no merit to any claims made pursuant to Section 727 and the only claims mad pursuant to Plaintiff's Section 523 claims and its collateral had any potential merit. After extensive discussions and negotiations, the parties reached an agreement which is summarized hereinabove and formalized in the Compromise.

**III.    Legal Authority.**

Federal Rules of Civil Procedure, Rule 41[2] (a)(2) provides, in pertinent part:

"(a) Voluntary Dismissal

(1) By the Plaintiff . . .
(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

The parties submit that good cause exist to approve the Compromise pursuant to Rule 41 (a)(2). In this regard, the parties note that after more than one year since the case was commenced, various discovery was conducted, motions for summary judgment were presented to the court for consideration, and extensive discussions and negotiations, they reached an agreement based on many factors, including determinations that the litigation process had become prohibitively expensive, the success on the merits remained limited and questionable, recovery on a prospective judgment remained limited and questionable, and continued litigation seemed unreasonable relative to the cost of prosecution and defense, the likelihood of success on the merits, and recovering greater than the cost of prosecution or defense costs to be incurred.

**III.    Conclusion.**

Defendant submits that good cause exists to approve the Motion.

Dated: June 21, 2012                              CAMPEAU GOODSELL SMITH
                                                  /s/ William J. Healy
                                                  William J. Healy

---

[2]Made applicable to adversary proceedings pursuant to Federal Rules of Bankruptcy Procedure, Rule 7041.

**NOTICE OF HEARING ON MOTION TO APPROVE PROPOSED COMPROMISE AND JUDGMENT FOR NON-DISCHARGEABILITY (11 U.S.C. 523 (a)(6)), DISMISSAL OF CLAIMS (11 U.S.C. 523 (a)(4)); AND DISMISSAL OF CLAIMS FOR DENIAL OF DISCHARGE (11 U.S.C. 727 (a)(2)(A) and 727 (a)(3))**    -4-

Case: 11-05122    Doc# 67    Filed: 06/21/12    Entered: 06/21/12 13:21:00    Page 4 of 4