# EXHIBIT A

# SETTLEMENT AGREEMENT

This *Settlement Agreement* (the "Agreement") is made and entered into by and between RABOBANK, N.A., ("Plaintiff"), and STEPHEN FRANK WYRICK ("Defendant," and together with the Plaintiff, the "Parties") as of the 1st day of June 2012.

## FACTUAL RECITALS

The Parties enter into this Agreement with reference to the following facts:

A.  On February 16, 2010, Plaintiff initiated an action against Defendant, among others, to enforce his obligations titled *Rabobank, N.A. v. Pride of San Juan, Inc., et al.*, Case No. CU-10-00034 (the "State Court Action"), asserting causes of action for, among other things, breach of guaranty, breach of loan agreements, specific performance of security agreements, injunctive relief, and appointment of a receiver, which is pending before the Superior Court of California for San Benito County (the "State Court").

B.  On June 24, 2010, the State Court appointed a receiver (the "Receiver").

C.  On January 11, 2011, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, initiating Case No. 11-50240 (the "Bankruptcy Case") with the United States Bankruptcy Court for the Northern District of California, San Jose Division (the "Bankruptcy Court"), staying the State Court Action.

D.  On April 15, 2011, Plaintiff commenced an action against Defendant by filing a complaint (the "Adversary Complaint") with the Bankruptcy Court, pending as Adversary Proceeding Case No. 11-05122 (the "Adversary Case"), asserting claims for relief to except from discharge Defendant's obligations to Plaintiff pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6), and to deny Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3).

E. On June 2, 2011, Defendant filed an Answer in the Adversary Case denying the allegations.

F. After extensive discussions and negotiations, the Parties now desire to resolve all issues between them that are the subject of the Adversary Complaint and the Adversary Case by this Agreement.

**IN CONSIDERATION OF THE FOREGOING RECITALS, THE PARTIES AGREE AS FOLLOWS:**

### TERMS OF AGREEMENT

1. **Effectiveness of Agreement and Incorporation of Recitals.**

   The recitals set forth above are not only recitals of fact but form an integral part of this Agreement, and are true and correct statements of fact and are incorporated herein by reference.

2. **Conditions to Effectiveness.**

   a. Bankruptcy Court Approval.

   Defendant will promptly file a motion and commence any other appropriate proceeding with the Bankruptcy Court, whereby Defendant and Plaintiff shall request the Bankruptcy Court to approve and authorize the general terms and conditions of this Agreement, and Defendant and Plaintiff shall prosecute this proceeding diligently and in good faith. Except for the preceding sentence and as otherwise set forth below, the Parties agree that the rights and obligations of the Parties arising under this Agreement are specifically conditioned upon entry of a final Bankruptcy Court order approving and authorizing the terms and conditions of this Agreement and specifically approving the dismissal with prejudice of the claims for relief under

11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3) (the "Approval Order"). Notwithstanding the foregoing and except as otherwise provided, all other rights and obligations under this Agreement shall go into effect on the "Effective Date." The Effective Date means the date which is the later of: (i) where no appeal of the Approval Order is taken, fifteen (15) calendar days after the entry of the Approval Order; (ii) where the Approval Order is appealed, fifteen (15) calendar days after a stay pending appeal is denied, vacated, revoked, or terminated; or (iii) where the Approval Order is appealed and a stay pending appeal is obtained, fifteen (15) calendar days after entry of a final, non-appealable order adjudicating all appeals of the Approval Order.

  b. <u>Loan Committee Approval Required</u>.

Plaintiff will promptly seek approval and authorization of the general terms and conditions of this Agreement from its Loan Committee in good faith. The Parties agree that the rights and obligations of the Parties arising under this Agreement are specifically conditioned upon approval and authorization of the terms and conditions of this Agreement by Plaintiff's Loan Committee ("Committee Approval").

 **3.** **Consideration.**

  a. Plaintiff and Defendant agree to the immediate dismissal of the claims and causes of action in the Adversary Complaint pursuant to 11 U.S.C. §§ 523(a)(4), 727(a)(2)(A), and 727(a)(3) with prejudice, and to the entry of a Judgment in the Adversary Case in the form attached to this Agreement as Exhibit A pursuant to 11 U.S.C. § 523(a)(6) in the amount of $75,000 to be paid as provided below upon the Effective Date.

  b. <u>Payment</u>.

  (i) Within sixty (60) days of the Effective Date, Defendant will pay Plaintiff

$5,000. The $5,000 payment will immediately be returned to Defendant if Plaintiff files a notice of appeal relative to the Approval Order.

(ii) Defendant will thereafter make regular monthly payments of $500 to Plaintiff commencing on January 5, 2013, and each subsequent month on the 5th day of each said month for sixty (60) months through and including December 5, 2018, with such payments totaling $30,000. If the 5th of the month is a Saturday, Sunday, or legal holiday, payment is due the following business day.

(iii) Instead of paying the $625 payment due for the 61st month on January 5, 2018, as required by paragraph 3.b.(iv) below, Defendant may pay $5,000 and the deferred payments as set forth below in paragraph 3.b.(v), and the Judgment will be satisfied in full provided payments totaling $40,000 have been received by Plaintiff in good funds when due, except as allowed in section 3.b.(v).

(iv) If Defendant cannot or does not pay the additional lump sum of $5,000 on January 5, 2018, Defendant must continue monthly payments for the next twenty-four (24) months with the first payment coming due on January 5, 2018, and the last payment coming due on December 5, 2019, but the monthly payments shall be in the amount of $625, totaling $15,000 for that 24month period. The Judgment will then be satisfied in full provided payments totaling $50,000 have been received by Plaintiff in good funds when due, except as allowed in section 3.b.(v).

(v) If Defendant is unemployed for a particular month, he may provide to Plaintiff at the address set forth in paragraph 6.o. below proof of unemployment (or inability to pay due to unemployment) in a form reasonably acceptable to Plaintiff in the form of a

declaration signed under penalty of perjury, and the $500 monthly payment shall be added to the payment due on January 5, 2018 (the 61st month); but, this grace provision does not apply to the $5,000 payment due within sixty (60) days of the Effective Date, this grace provision is not available for payments coming due on or after January 5, 2018, and Defendant may only exercise this grace provision three (3) times.

(vi) Defendant may, at any time prior to January 5, 2018 (the 61st month), pre-pay or over-pay the initial $5,000 set forth in paragraph 3.b.(i), any of the sixty (60) monthly payments of $500 set forth in paragraph 3.b.(ii), the $5,000 set forth in paragraph 3.b.(iii), and/or the total sum of $40,000 as set forth in paragraph 3.b.(iv), but such prepayment or prepayments shall not reduce, limit, modify, or abrogate Defendant's responsibility to pay the total sum of $40,000, and the monthly payments continue to remain due and payable as scheduled despite any pre-payment. Defendant may, at any time after January 5, 2018, and prior to December 5, 2019, pre-pay or over-pay any of the twenty-four (24) monthly payments set forth in paragraph 3.b.(iv), but such prepayment or prepayments shall not reduce, limit, modify, or abrogate Defendant's responsibility to pay the total sum of $50,000.

c. Enforcement.

(i) Plaintiff cannot and will not enforce the Judgment unless there is a default under the payment terms provided above. The first payment under this Agreement comes due sixty (60) days after the Effective Date and all subsequent payments come due on the 5th of the month; there is no cure or grace period except as provided in paragraph 3.b.(v). Payments made pursuant to this Agreement shall be made via cashier's check, certified check, money order, wire transfer, or cash. The loan reference number will labeled on the cashier's check, certified check,

or money order. All payments shall be hand delivered or wired to Plaintiff's branch office located at 491 Tres Pinos Road, Hollister, California 95023 (the "Branch"). If Defendant cannot deliver or wire a payment to the Branch, Defendant may deliver the payment to any of Plaintiff's branch offices of his choosing, but Defendant must notify Plaintiff in writing to be received one business day prior to the payment's due date at the address indicated in paragraph 6.o. that the payment will be made, to which branch office the payment will be made, and the reference number for the payment.

(ii) If Defendant defaults on any of the foregoing payment terms, Plaintiff may begin enforcing all of its rights and remedies under the Judgment, provided, however, that Defendant is to be given a credit against the $75,000 for every monthly payment made timely and another $5,000 for every full calendar year of payments Defendant timely makes, but no credit shall be given if Defendant invokes his rights under paragraph 3.b.(v).

d. Defendant, individually and through Pride of San Juan, Inc., agrees not to oppose the discharge of the Receiver, the Receiver's final report and accounting, or the exoneration of the Receiver's bonds and Plaintiff's bonds obtained in the State Court Action.

e. Plaintiff agrees to dismiss Defendant and Pride of San Juan, Inc. from the State Court Action without prejudice following the approval of the Receiver's final report and accounting by the State Court. Plaintiff agrees not to further prosecute the contempt charges pending in the State Court Action against Defendant.

4. **Releases.**

a. Upon the Effective Date, Defendant irrevocably and fully releases, acquits, and forever discharges Plaintiff and all of its present, former, and future respective affiliates,

representatives, agents, servants, employees, attorneys, accountants, predecessors, successors, assigns, heirs, beneficiaries, personal representatives, and each of the persons acting by, through, under, or in concert with any of them from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits whether in law or in equity, demands, costs, losses, debts, and expenses (including attorneys' fees and costs) of any nature or kind whatsoever, whether legal or equitable, known or unknown, suspected or unsuspected, contingent or fixed, including, without limitation, that are based on, relate to, refer to, or arise out of any of the matters, facts, or allegations set forth in the Adversary Complaint, the Factual Recitals to this Agreement, the State Court Action, the Bankruptcy Case, and that were or could have been asserted in the Adversary Case, and by reason of any acts, facts, transactions, or any circumstances whatsoever occurring or existing as of the date of the entry of the Approval Order (collectively, the "Defendant Releases").

        b.      Upon the Effective Date, Plaintiff irrevocably and fully releases, acquits and forever discharges Defendant and all of his present, former, and future respective representatives, agents, servants, employees, attorneys, accountants, predecessors, successors, assigns, heirs, beneficiaries, personal representatives, and each of the persons acting by, through, under, or in concert with any of them from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits whether in law or in equity, demands, costs, losses, debts, and expenses (including attorneys' fees and costs) of any nature or kind whatsoever, whether legal or equitable, known or unknown, suspected or unsuspected, contingent or fixed, including, without limitation, that are based on, relate to, refer to, or arise out of any of the matters, facts, or allegations set forth in the Adversary

Complaint, the Factual Recitals to this Agreement, the State Court Action, the Bankruptcy Case, and that were or could have been asserted in the Adversary Case, and by reason of any acts, facts, transactions, or any circumstances whatsoever occurring or existing as of the date of entry of the Approval Order, except with regards to the entry of the Judgment, the collection of payments to satisfy the Judgment as set forth in paragraph 3.b., Plaintiff's right to exercise all rights and remedies to enforce the Judgment upon Defendant's default in repayment of the Judgment, Plaintiff's right to collect a dividend from the proof of claim it filed in the Bankruptcy Case and any amendments to the proof of claim, Plaintiff's right to file a proof of claim or proofs of claim, and any amendments to such proof of claim or proofs of claim, in the bankruptcy case of Pride of San Juan, Inc. should its bankruptcy case be reopened, and Plaintiff's right to enforce its security interests against Pride of San Juan, Inc. or any third parties should any additional collateral provided by Pride of San Juan, Inc. be uncovered (collectively, the "Plaintiff Releases"). The Plaintiff Releases shall in no way impair, limit, reduce, discharge, or abrogate Plaintiff's rights to file, amend, or collect a dividend upon proofs of claim it submits in the Bankruptcy Case or the bankruptcy case of Pride of San Juan, Inc.

5. **California Civil Code § 1542.**

   a. The releases set forth above shall be governed and construed in accordance with the laws of the State of California without giving effect to the principles of conflicts of laws of the State of California or any other state. It is understood by the Parties that, except for the matters expressly represented herein, the facts with respect to this Agreement entered into may turn out to be other than or different from the facts now known, or believed to be true, and the Parties expressly assume the risk of facts turning out to be different, and agree that this

Agreement shall be in all respects effective and not subject to termination, recission, or revocation by reason of any different facts. The Parties acknowledge that they have been advised by their respective counsel herein and are familiar with Section 1542 of the California Civil Code, which provides that:

> **[A] GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**
> Cal. Civ. Code § 1542 (West 2012).

b.  Each of the Parties hereto, being aware of the above code section, expressly waives and relinquishes any and all rights or benefits they may have under, or which may be conferred upon them by, the provisions of section 1542 of the California Civil Code, as well as under any other state or federal statutes or common law principles of similar effect, to the fullest extent they may lawfully waive such rights or benefits pertaining to the subject matter of this release.

c.  It is the intent of the Parties to fully and finally release the claims set forth in this Agreement and, in furtherance of this intention, this Agreement shall be, and remains, in effect as a full and complete release of such claims, as set forth above, notwithstanding the discovery or existence of different or additional facts relevant to those claims.

6. **Miscellaneous.**

   a.  Effectuation.

The Parties agree to take such action and execute any and all further

Page 9 of 14

documents that may be reasonably necessary or appropriate to effectuate the terms of this Agreement.

      b.    <u>Jurisdiction</u>.

The Parties agree the Bankruptcy Court overseeing the Adversary Case shall retain exclusive jurisdiction to resolve any and all disputes pertaining to the Judgment, including the enforcement of the Judgment or any satisfaction of the Judgment.

      c.    <u>Representations and Warranties</u>.

Each party hereto respectively represents, warrants, and agrees:

      i.    It or he has had the benefit and advice of independent legal counsel in connection with this Agreement.

      ii.    This Agreement is executed without reliance on any statement, representation, promise, inducement, understanding, or agreement by or on behalf of any other party hereto or by or on behalf of any representative or agent employed by any of them, other than the matters expressly set forth herein.

      iii.    No promise, inducement, understanding, or agreement not expressed herein has been made to or with any party, and this Agreement contains the entire written agreement of the Parties.

      iv.    This Agreement is the product of the efforts of the Parties and, as a result, it will not be construed, and no presumption will arise, based upon who drafted this Agreement.

      v.    No claim or obligation referred to in this Agreement has been assigned, transferred, hypothecated, pledged, mortgaged, or set over in any manner whatsoever,

in whole or in part, to any third person.

      vi.     The terms of this Agreement are contractual and not mere recital.

      vii.    The various headings in this Agreement are inserted for convenience only and shall not affect this Agreement or any provisions hereof.

    d.    <u>Entirety and Amendments</u>.

This Agreement constitutes the full and final agreement of the Parties with respect to the subject matter hereof and shall not be modified or changed in any respect except by a written instrument expressing such amendment, signed by the each of the Parties, and approved by the Bankruptcy Court and Plaintiff's Loan Committee.

    e.    <u>Final Accord and Satisfaction</u>.

This Agreement is intended to be final and binding between the Parties hereto and are further to be effective as a full and final accord and satisfaction between the Parties to this Agreement of the claims for relief asserted in the Adversary Complaint, and each party expressly relies on the finality of this Agreement as a substantial, material factor inducing that party's execution of this Agreement.

    f.    <u>Governing Law</u>.

Each party agrees that this Agreement shall be governed and interpreted under the laws of the State of California.

    g.    <u>Attorneys' Fees</u>.

Subject to the terms of this Agreement, each party shall bear its/his/their own costs and expenses arising out of the negotiation, execution, delivery, and performance of

this Agreement, the Adversary Case, and the consummation of all transactions contemplated by the Agreement.

      h.      No Admission of Liability to Third Parties.

This Agreement reflects the settlement of claims which are contested and nothing contained herein shall be construed as an admission by any party hereto of any liability of any kind to any other party or to any other person or entity.

      i.      Execution in Counterparts.

This Agreement may be signed in counterparts by the Parties and shall be valid and binding on each party as if fully executed in a single document.

      j.      Execution by Fax Signatures or Electronic Mail.

This Agreement may be signed by facsimile transmission or electronic transmission by the Parties hereto and shall be valid and binding on each party as if executed in person.

      k.      Successors and Assigns.

The provisions of this Agreement shall bind and inure to the benefit of the respective successors and assigns of the Parties hereto.

      l.      Portion of Settlement Agreement Deemed Void.

If any paragraph, section, sentence, clause, or phrase in this Agreement shall become illegal, null, or void for any reason, or shall be held by a court of competent jurisdiction to be illegal, null, or void or against public policy, the remaining paragraphs, sections, sentences, clauses, or phrases herein shall not be affected thereby.

      m.      Time of the Essence.

Time is of the essence. The Parties agree that any party's failure to perform any term, condition, or covenant in this Agreement within the time provided herein shall constitute a default of this Agreement.

  n.  <u>Notices</u>.

Until further advised in writing by Plaintiff, all notices and correspondence provided to Plaintiff pursuant to this Agreement shall be sent via U.S. Mail as follows:

>  Rabobank, N.A.
>  c/o Michael J. Gomez
>  Lang, Richert & Patch
>  Post Office Box 40012
>  Fresno, CA 93755

Until further advised in writing by Defendant, all notices and correspondence provided to Defendant pursuant to this Agreement shall be sent via U.S. Mail as follows:

>  Stephen Frank Wyrick
>  c/o William Healy
>  Campeau Goodsell & Smith, LLP
>  440 N. 1st Street, #100
>  San Jose, CA 95112

  o.  <u>Payments</u>.

Until further advised in writing by Plaintiff, payment notices provided to Plaintiff pursuant to this Agreement shall be sent via U.S. Mail as follows:

>  Rabobank, N.A.
>  c/o Steve Buckley
>  45 E. Riverpark Place West, Suite 507
>  Fresno, CA 93720

**IT IS SO AGREED.**

DATED: June ___, 2012     STEPHEN FRANK WYRICK


By:_____
    STEPHEN FRANK WYRICK


DATED: June ___, 2012     RABOBANK, N.A.

By:_____
Name:_____
Title:_____

Page 14 of 14

# EXHIBIT A

René Lastreto II, #100993
rl2@lrplaw.net
Thomas G.C. McLaughlin, #236170
tgm@lrplaw.net
Michael J. Gomez, #251571
mjg@lrplaw.net
Lang, Richert & Patch
Post Office Box 40012
Fresno, California 93755-0012
(559) 228-6700 Phone
(559) 228-6727 Fax
M:\19215\Wyrick Bankruptcy\Adversary Proceeding\Trial Documents\Judgment.wpd:rp

Attorneys for Plaintiff RABOBANK, N.A.

# IN THE UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In the Matter of<br><br>STEPHEN FRANK WYRICK,<br>TIFFANY LYNN WYRICK,<br><br>Debtors. | Case No. 11-50240 SLJ<br><br>Chapter 7<br><br>Adv. Pro. No. 11-05122 |
| RABOBANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN FRANK WYRICK<br><br>Defendant. | |

**JUDGMENT IN FAVOR OF PLAINTIFF RABOBANK, N.A. AND AGAINST DEFENDANT STEPHEN FRANK WYRICK**

JUDGMENT -1-

Based on the Settlement Agreement dated June 1, 2012, as memorialized between Plaintiff Rabobank, N.A. and Defendant Stephen Frank Wyrick,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff Rabobank, N.A. shall have judgment in its favor against Defendant Stephen Frank Wyrick in the amount of $75,000.00 pursuant to 11 U.S.C. § 523(a)(6).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the 11 U.S.C. §§ 523(a)(4), 727(a)(2)(A), and 727(a)(3) claims for relief are dismissed with prejudice. Plaintiff Rabobank, N.A. and Defendant Stephen Frank Wyrick shall bear their own costs and attorney fees incurred in connection with the prosecution and defense of this matter.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Judgment entered against Defendant Stephen Frank Wyrick shall be a separate and final judgment against him in favor of Plaintiff Rabobank, N.A. and shall in no way release, discharge, or affect any third parties.